Here to meet you, here to meet you, this Honorable Appellate Court for the Second Judicial District is now back in session. The Honorable Anne B. Robinson presiding. Please be seated. Your Honor, the final case on the docket is 1-2-23-0552. The people of the state of Illinois plaintiff appellee v. Ronald C. Scotti, defendant's appellate. Arguing on behalf of the appellate is Tony Lea Henner. Arguing on behalf of the appellee, Mr. Miles J. Keller. Okay. Both sides ready to proceed? Yes, Your Honor. All right, counsel, then, when you're ready. Thank you. May it please the court. Counsel, my name is Tony Henner. I'm here on behalf of Mr. Ronald Scotti. Your Honors, no defendant, regardless of their conduct, should be penalized for challenging or correcting the court's misunderstanding and improper denial of good time behavior credits. These are credits they are entitled to by statute. This case is about fairness. A court cannot increase a sentence that has been validly imposed regardless of the court's intent at the time of sentencing. This is established both by case law and by statute. Isn't it just a mutual mistake? I'm sorry, Your Honor. Isn't it just a mistake? The trial court just made a mistake. So, Your Honor, while it could be considered that the trial court made a mistake, that mistake results in a sentencing increase. In this case, because he was entitled to statutory good time, his original sentence of 90 days was actually 45. By increasing it to a hundred. Yes, with day per day. By increasing it to 180 days and applying the good time credit, once she acknowledged her error, she increased the sentence to 90 actual days when the original sentence was, in fact, only entitled to be 45 actual days in custody. So, Your Honors, like I said, looking at what was actually done in this case. The court handed down a direct criminal contempt sentence. That was of 90 days, and she improperly denied him his good time behavior credits. The court upheld that sentence when she was presented with a motion to reconsider. Then defense counsel filed a motion directly addressing her improper denial of those good time behavior credits. The court acknowledged its error, and rather than honoring the sentence that was already imposed, she chose to increase it through the use of a non-court order. This was judicial error. That's an improper use of a non-protunct order. The court cannot use a non-protunct order in that fashion, and they certainly cannot use a non-protunct order to increase a validly imposed sentence. Well, isn't that the purpose of a non-protunct? It can be used for scrivener's error. It can be used for clerical error, but it cannot be used to correct judicial error, and in this case, that's what it was. It was judicial error. It was judicial error because it was her failure to follow the law, and in this case, the applicable law was the statutory good time credits, something that she as the judge did not have authority to deny in this instance. It was not civil contempt. It was direct criminal contempt, and that's clear from the record and from Mr. Scottie's behavior. So if we look at how the Supreme Court, the Illinois Supreme Court, has held non-protunct orders can be used, they specifically address that it cannot be employed to correct a judicial error, such as what occurred here. And if the error appearing in the record, and this is a quote, I'm sorry, Your Honors, it is a quote from page 176 of People v. Wost 395, Illinois 172. If the error appearing in the record relates to something the court did not consider and passed on or, having considered it, arrived in an erroneous determination, then it is judicial error and cannot be corrected by a non-protunct order. In this case, the court was presented with good time credit. Counsel did that at the time of sentencing. The judge considered it and directly said it did not apply in this case because it was direct criminal contempt. She then said the sentence was 90 days. She came to an erroneous conclusion. That's judicial error. She was directly asked by it. She came to the wrong result. The State took no position during the hearing, correct? That is correct, Your Honor. The State did not make an argument in relation to this one way or another. This was entirely a conversation between defense counsel and the judge. Counsel, what about the court's stated justification, which was that it's not an increase. It was her intent that the defendants serve 90 days. So, unfortunately for the court, her intent alone is wholly an inappropriate basis to increase a sentence. In order to increase a sentence, there needed to be additional bad behavior on behalf of Mr. Scottie, and that is something that was not referenced at any point by the court at the time that it increased the sentence. What about running through the tablet? Your Honor, she had the opportunity and ability to consider that action at the time that it occurred. It occurred at sentencing. She had the time to consider it. She could have held him in contempt a second time. She did not do so. She specifically addressed the fact that she did not do so and was not going to do so at the motion to reconsider hearing. And then as we follow up to the motion for good time behavior credit, at no point when she increased the sentence did she reference that that was the justification for the additional time that she was putting on Mr. Scottie's sentence. So, Your Honors, like I said, this was judicial error. The court considered the good time credit, arrived at an erroneous determination, and as a result, she failed to follow the law. That's not the way that that can be done. And as the Wost quote asserted, that's not something that can be corrected by a non-protunct order. What remedy are you asking for? Your Honor, I would be asking that his sentence be reduced back down to the 90 days with the applicable good time credit, or alternatively, Your Honor, if you did find that this was an appropriate use of a non-protunct order, that he be granted credit for the time he has already served. At the time that the argument was made for good time credit, Mr. Scottie had already served 51 days, which is obviously in excess of the 45 he was statutorily required to serve. And then there was a stay in effect. There was a stay that was put in effect, and that was not put in effect until after he had served 69 days in the Kane County Jail. And I can go with the 69 days that I know when we put our stay into effect, based off of what defense counsel had stated, Mr. Scottie was not released immediately as of those 69 days, so there may be a couple more days that he has in credit that I just haven't been able to confirm. And that's, just to be clear, 69 actual days? Sixty-nine actual days, correct, Your Honor. Okay. I'm sorry. It's okay. No problem. It's a real, your argument. So here, this is an instance where the Supreme Court has said, you cannot use a non-protunct order in this way, and the State in this case has provided no argument or case law to refute the arguments that I've made in relation to this non-protunct order. They didn't make any arguments in response, and I did address that in my reply brief, but they've provided nothing to show that there was an appropriate remedy for this or that this was, in fact, a clerical or a scrivener's error. It's clear by the Court's actions it was a judicial error, and that has been prohibited from use with a non-protunct order. Further, aside from that improper use, a sentence cannot be increased once it has been validly imposed. This is prohibited by case law as well as by statute. The motion for reduction statute itself, to reduce sentence statute, is clear and unambiguous. Quote, the Court may not increase a sentence once it is imposed. That's exactly what the Court did here. 180 is more than 90. Both of those sentences would have been eligible in court. And that applies when it's the number didn't change, but the application of that number. The application of that number directly changes. That's a step away, isn't it? So, Your Honor, in this case, the original 90 was always 45. He was entitled to those. But he was sentenced to 90 days and then again sentenced to 180 days, which then turns to 90 actual. The original sentence of 90 days, because he was eligible for statutory good time and it was an improper denial, was always 45 days. The subsequent sentence of 180 days with good time to apply is 90 actual days. 90 actual days is more than 45 actual days. If the Court had used the term 90 actual days, would that have made a difference? In this instance, it might have made a difference because she wouldn't have denied him the statutory good time credit. Then it would have been a matter of just correcting the record. It would have been you said you wanted him to serve 90 actual days. That leaves open the interpretation that it was 180 days. Good time applies to be 90 actual. That's not what was said here. She directly denied good time credit, something she didn't have the ability or authority to do under the statute. This was not an excluded offense. Counsel, what if the sentence was a mandatory, let's say a mandatory consecutive sentence and the Court had made the mistake of not making sentences mandatory at the sentencing hearing? Wouldn't the Court have the ability to correct that? Your Honor, even in those instances, case law has said that a sentence cannot be increased in that way, even if it was the Court's error and even if it would essentially render a sentence useless. The Court cannot use a non-croton order due to its own erroneous determination to increase the sentence. So as I previously had stated, the statute is clear and unambiguous. The Court cannot increase a sentence once it has been validly imposed. It's well established, it's codified, and here the judge exclusively referenced her intent and her intent alone. There are limited circumstances when a sentence can be increased and that would be bad behavior as we previously discussed, but that is not the basis of the Court's increase here. She did not reference that as her basis. She exclusively referenced her intent. She could have, though. She could have, and she did not, and had she, we'd be having a different argument here before the Court today. But since she did not, and since she used the defendant's motion challenging her sentence as the avenue to do so, this is, again, it was wholly inappropriate. The statute prohibits her use of a non-croton order and prohibits her from increasing a sentence in that way. Your Honors, as I stated before, while it may have been her intent, unfortunately that doesn't matter here, and our courts have repeatedly held People v. Hollingsworth, Steiger, Amons, Moore, McBride, as well as the motion to reduce sentence, and all of those cases are cited in my opening brief, they all prohibit increasing a sentence once it's been imposed. Further, People v. Steiger and People v. Hollingsworth went on a little bit further to specifically address denying credits, and they also found that you could not remedy, regardless of the court's clear intent, the order to reflect the denial of credits when they are something that was either not previously denied and could have been, or were improperly denied and should not have been. You cannot go and use those avenues to make this correction. There were no other bad acts, and while a court has an obvious obligation to stop contemptuous behavior, and nobody here is saying what Mr. Scottie did was not contemptuous, it was. It was clearly contemptuous to the court. The court has to do certain things within reason, and the court also has to follow the law. And here, that's just not what occurred. Alternatively, if this court were to find that the court did use an appropriate non-proton order, and this was an appropriate avenue, I would still be arguing that Mr. Scottie's sentence was excessive given the nature of the offense and the circumstances under which it occurred. I understand the court has to look at multiple factors when determining the appropriateness of a sentence, and what Mr. Scottie did is undisputably contemptuous. It was extremely vile and rude words directed at a judge. However, these rude words occurred while he was in the custody of the Kane County Sheriff's Office, after he was denied bond, and after a great confusion that had occurred regarding the bond hearing the day before. Further, this was a known gentleman who experienced homelessness, mental illness, and substance abuse, and had been determined to be an appropriate candidate for treatment at court. This was something the court was well aware of at the time that she handed down her sentence. While she determined that his actions were more behavioral than mental health, mental health and behavior go hand in hand, and a lot of times they are one and the same. You cannot necessarily separate those two actions out. But these were the words of somebody with known issues that were presented to the court, and most importantly, they were words alone. He did not resist officers when they immediately brought him back into lockup, because he was immediately brought into lockup, and that is reflected in the record. He did not exhibit any acts of violence. He did not make any threats. He said extremely rude and degrading words, but that was all he did. When we look at the nature of the seriousness of his offense, there was no need for such a lengthy sentence. He was certainly deterred, and if there was anyone else in the courtroom who witnessed his behaviors, they were certainly deterred when they immediately saw him be brought back into lockup, and the judge was able to immediately reassert her authority in front of the court, declaring to anyone who may have heard that he was being held in direct criminal contempt, and that she would be sentencing him. That is certainly a deterrence for anyone who may have seen his conduct. It was a limited outburst. It was a very, very small portion of the record. With that, we have to look at what actually happened, and the fact that there were no violence, no resistance, no other actions, and he has known issues, is something that should have been considered when determining the nature and seriousness of his offense and fashioning a sentence. So, Your Honors, we would be arguing that the court here satisfied that with the time he has served. He has certainly been punished for his contemptuous actions, and in relation to that portion, our remedy that we would be requesting is that he would receive credit for the time he has actually served, which, as I stated before, was roughly 69 days that I can verify based off of when our stay order went into effect. Your Honors, you have a special responsibility when it comes to contempt sentences. There is no maximum penalty. There is no minimum penalty. This is your special responsibility to ensure that there is no abuse that occurs as a result of a contemptuous conduct and that the court does not engage in strictly punitive measures to create an outrageous sentence in relation to conduct that was insulting to the court. This is your special responsibility, and we are asking that you remember that special responsibility as you review Mr. Scottie's case. We are asking that his sentence be reduced back down to the 90 days that was originally imposed with the applicable statutory good time credits, or alternatively, that his sentence be amended to credit for time served. Thank you. If you have no additional questions. Any questions? You will have a chance to reply. Thank you, Your Honors. Good morning, Your Honors, Counsel, Miles Kelleher, on behalf of the people. May it please the court. Initially, the people maintained that defendant forfeited his claim because he didn't object during the sentencing hearing and he didn't raise this issue in his motion to reconsider sentence. So by failing to raise this issue in a timely manner, defendant deprived the trial court of the opportunity to immediately correct the error on the sentencing order. How could the trial court have corrected the error? The court could have corrected the order in the way the court subsequently did, and that would be to have increased. That would amount to an increase in sentence. Your Honor, under the circumstances of this case. Do you believe this is unique and there's no authority for this? The facts are certainly unique, and the record has to be viewed as a whole. Beginning with the sentencing hearing, where the court imposed a sentence where defendant would actually serve 90 days. But she didn't say that. She did not say that. Your Honor, in the record she says he's being required to serve 90 days. That's a direct quote. It's not a word of art. He's being required to serve 90 days. That's after counsel inquired as to whether good time credit would apply. She was mistaken. She thought that good time credit didn't apply, and she acknowledged that mistake later. But she made very clear that the sentence was that he would serve 90 days. That's a key word, serve. So now later when. . . So if a judge says you're to serve 20 years, that means that person has to serve an actual 20 years? Typically. . . Or does the code of corrections apply in that you get credit for time served? The code of correction always applies. But what makes this case unique is that the trial counsel specifically asked at the time of sentencing, does good time credit apply, and the trial judge specifically said he has to serve 90 days. Now, that's not typically said during a sentencing hearing. In your example, a judge normally wouldn't say defendant has to serve 20 actual years. So in this case, given the circumstances, she should have wrote out the sentencing order from the start as 180 days with day-to-day good behavior credit. But she knew, or she didn't know, that good time was going to apply. Yes, and she acknowledged her mistake. But. . . Tell me why that isn't an increase in sentence. It's not an increase, Your Honor, because even with the corrected order, and she specifically used the word corrected, even with the corrected order, defendant, assuming he met the minimum behavior requirements, would be, would finish his sentence after 90 days. No different than what the judge originally imposed. The only way he could possibly serve more than 90 days is if he engaged in subsequent bad conduct. But that wouldn't be the result of the trial court increasing his sentence. That would be the. . . Which didn't happen here. No, that would be the result of defendant's own subsequent bad behavior. So basically, his destiny is within his own hands. He controls his destiny. As long as he serves his 90 days without any problems, he's done. The sentence is complete. So because of that, it wasn't tantamount to an increase in the sentence. It was basically a Scribner's error, a clerical error, where the judge incorrectly wrote out the order the way it should have been written from the start. And she acknowledged her mistake, and she made very clear that I'm going to correct the order. She didn't say I'm going to increase defendant's punishment. If she had written out the order, okay, I think he deserves 100 days served, obviously that would be improper. But isn't this a misapprehension of the law rather than a Scribner's error? A Scribner's error would be, you know, you write down 95 and you meant 90 or whatever. This is you've got 90. I thought that was 90. Right? Isn't that a misapprehension of the law rather than a Scribner's error? Yeah, it was a misapprehension as to whether good time credit applied. But each case has to be decided on its own unique facts. Under the facts of this case, the corrected order is tantamount to a Scribner's error, because basically she should have written it this way from the start, and she acknowledged that. That was the proper, if you want, if your order is that a defendant is to serve 90 days, the proper way to write out the order is to state 180 days with day-for-day good time credit. She made a mistake. She acknowledged that the order was written wrong. When she corrected the order, she did not increase the sentence. She didn't. She had no. But that's the net effect is increasing the sentence. Not necessarily, because as long as the defendant does the minimum that he has to do. 45 days. Well, under the corrected sentencing order, as long as he served 90 days, he would finish his sentence, and that was the sentence that the trial court originally ordered. Counsel, just taking it out of the context of contempt, what authority does a court have to correct an erroneous sentence that results in an increase in time? So the hypothetical I gave to counsel was a sentencing hearing on two charges and the decision whether they are consecutive versus concurrent. And so let's say the court initially at the sentencing hearing says these are to be served concurrently. That was an error. And then obviously the error was that they should have been mandatory consecutive sentences. What authority does the court have to go and revisit and correct that, if any? Counsel has said that there is none when it results in a longer sentence. Well, if consecutive sentences are required by statute, then the court can correct the sentence if that's what the statute requires. So I would submit, you know, under that circumstance, the judge has no choice, because the statute requires that the sentences be consecutive. And if it's discretionary as to the amount of time? Yes. Then what? So if it is discretionary, then the court does not have the ability to go back and change the sentence in a way that results in more time. If the defendant was required by law to serve the sentences imposed consecutively, then by law he would have to serve those sentences consecutively, even if the judge made a mistake in announcing the sentence. My question is, what are the limits of the court's ability to correct that mistake? Well, every case has to be decided on its own unique facts, of course. That's the idea of hypotheticals. We can make up our own facts. I would submit that you would then examine the entire record to see exactly what the judge said during the sentencing hearing. And, you know, in this case, the judge made it very clear that the defendant was to serve. She was under the impression. Yes. That day for day did not apply. Yes. So in this case, you don't have, you know, some uncertainty that might exist in another hypothetical case because the judge made it extremely clear. She specifically said he's being required to serve 90 days. She deemed that to be the appropriate sentence based on his contemptuous behavior. But so the people maintain that, you know, this was not an increase in the sentence, but in the event that this court does consider it to be an increase, then we would argue that it was warranted by defendant's additional bad conduct performed after the original sentence was imposed. The record indicates that he was participating in the sentencing hearing via Zoom using an electronic tablet device while he was in the Kane County Jail. And immediately after the judge announced the sentence, he threw the tablet. Right, but the fact that it happened after the sentencing, wouldn't that require an additional finding of contempt? I think that's what counsel's arguing. Well, the appellate court, you know, may affirm a trial court sentence decision on any basis supported by the record. And I submit that there's enough evidence in the record here that he did engage in additional bad conduct or, you know, performance that occurred after the original sentence was imposed. So there's enough in the record here where this court could affirm the corrected sentencing order based on that subsequent conduct of defendant. Even though the trial court specifically said, I did not find you in contempt for that? That's correct, Your Honor. The court didn't find him in contempt for that. Nevertheless, you could have. And nevertheless, defendant still performed that behavior. Bad conduct. Yes, and, you know, that's, you can't change that fact. He did what he did, and it's on the record. So there's no question that he engaged in additional bad conduct after the original sentence was imposed. That's on the record. And in response to defendant's claim that the sentence was excessive, I just point out here the trial court properly exercised its discretion in crafting a sentence that the trial judge deemed appropriate for this behavior. The court has inherent power to punish for contempt, to maintain control over its criminal and execution of its judicial powers. And this court is well aware of what the comments of the trial defendant were, so I don't need to repeat them. But I would just point out that not only were defendant's words generally contemptuous, but they were especially deplorable because they were specifically directed at the female judge who was presiding in the courtroom. And defendant chose specific gender-degrading words to maximize his vitriol, and it was obviously disruptive to the proceedings. It lessened the dignity of the court. It wasn't only offensive to the trial judge. It would have been offensive to anyone present in the courtroom, the court staff, the attorneys, especially members of the public who may not come to court very often. And as the trial court mentioned, it determined it was egregious behavior that required a serious sentence. And trial court determined that it was incumbent to impose a sentence to restore the dignity of the trial court and to allow the proceedings to go forward. And I would submit that it wasn't only a vile, contemptuous act directed at the trial court, but it was directed at the entire judicial system. He had been warned not to yell in the lockup. He had been warned not to speak out in court without being asked. And he directly violated willfully, in willful defiance, the trial court's order not to do that. And then he went off on his, you know, vile tirade against her. Chose awful words. So the trial court crafted a reasonable sentence that she deemed proportionate to the offense and was intended to restore the dignity and authority of the trial court. And she was in the best position to make that determination. She, you know, she took the brunt of these vile insults and degrading words. She was in the best position to craft an appropriate sentence. And she wanted to send a signal that this type of behavior will not be tolerated. And I would just close by saying that the state maintains that the proper remedy here would be that defendants serve 21 additional actual days in prison. The 69 days is correct. Yes, assuming that's correct. For all those reasons. Questions? Oh, I'm sorry. The state asks that defendants be required to serve those additional 21 days. Thank you. Do you wish to reply? Yes. Your Honor, first I'll address the state's claim of forfeiture. It would be the position of Mr. Scotty that these issues were fully preserved in front of the trial court. And the purpose of forfeiture is to allow the trial court to correct its errors and to provide a reasoned judgment for the appellate court to consider. That happened here. At the time of the initial sentencing, the judge was questioned about good time credit, which she erroneously denied. At the time of motion to reconsider, the argument was made that the sentence was excessive. Trial counsel did not at that time address good time credit, but he subsequently corrected his error when he filed a motion asking for good time credit, which allowed the court then to consider her error and to attempt to remedy it. Further, at the time that she increased the sentence, at the time of that hearing, defense counsel specifically stated to the court, Your Honor, you cannot increase the sentence once it has been imposed. So, counsel, do you dispute that the court could have initially imposed 180 days with good time? The court could have. Unfortunately, here the court did not. This is the context in which the change was made.  So if, no, go ahead. Go ahead. No, but the court, during the initial sentencing, when she imposed sentence, counsel did ask whether or not the 90 days is with good time, and the court said no. The court, sorry, Judge. I do think he has to serve a 90-day sentence. Yes. There is no good time credit. So she was mistaken. Correct. She was mistaken, and, Your Honor, what she specifically said was yes, that Mr. Scotti has to serve a 90-day sentence. There is no good time. This is direct criminal contempt. He's being required to serve 90 days. She was mistaken in what the law was and what was applicable. She did not have the authority to deny him good time credit. In my many years in front of the trial court, I can tell you every judge I've ever stood before has that statute book right on their bench. She could have stopped the proceedings. She could have opened her statute book and verified before she made this erroneous decision. She did not. This was not civil contempt. It was criminal contempt. How about the conduct of throwing the tablet? So let's say, you know, I'm sentencing a defendant for DUI to seven days jail, throw something across the room, I'll say get back up here, and now you've got 14 days. You are immediately punishing him in that hypothetical for the bad conduct. That would be an appropriate increase because it is as a result of that bad conduct. In this case, his bad conduct, throwing the iPad, was not the basis of the judge's increase. Her basis was her intent and her intent alone. She stood on the fact that she intended for him to serve 90 days, so she was going to change her sentence to reflect that he has to serve 90 days because she erroneously denied good time credit. She had already imposed a valid sentence. That sentence of 90 days, even with her erroneous denial, only required Mr. Scotty to serve an actual 45. Forty-five is less than the actual 90 that he's required to serve under her amended or corrected 180-day sentence, as she put it. Here, counsel argued that because she said the word he's being required to serve 90 days, that that somehow remedies this issue. Given the context and looking at the ways in which she said it, she said it because she believed that direct criminal contempt did not entitle him to any good time credit. He was entitled to it. She didn't have the authority to deny it. So it's still our request that this court grant him his original 90-day sentence with the applicable statutory good time, or if the court determines that it was appropriate that his sentence be increased to the 180 days, that that was an appropriate use of a non-protunct order, that he be given credit for the time he has already served. And released. And released. Correct. Questions? Questions? Thank you very much. Thank you very much, Your Honors. All right. We are adjourned for the day. With respect to this case, a written opinion will be issued in due course, and I thank you both for your arguments this morning.